**UNITED STATES of America,
Plaintiff,**

v.

**Kim Louis PASSWAITER, Defendant.**

No. C–99–20840 JF.

United States District Court,
N.D. California,
San Jose Division.

July 20, 2000.

Brian P. Berson, San Francisco, CA, for plaintiff.

Robert S. Mueller, III, United States Attorney, Jane H. Shoemaker, Assistant United States Attorney, San Jose, CA, for defendant.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR MODIFY SENTENCE PURSUANT TO 28 U.S.C. § 2255

FOGEL, District Judge.

Defendant moves to vacate, set aside or modify his sentence. The Government opposes the motion. Defendant's motion was taken under submission without oral argument. For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

Defendant was prosecuted as part of a "boat case" in which thirty three defendants were convicted of conspiracy to import and off-load 20,000 pounds of marijuana onto a beach in Santa Cruz, California. Defendant permitted the use of his boat as a lookout or pilot boat, permitted the use of his truck, assisted in loading the marijuana once it reached the shore, and recruited an individual to help with the off-loading the night before the drugs were to arrive.

Pursuant to a plea agreement, Defendant pleaded guilty to conspiracy to import marijuana in violation of 21 U.S.C. § 963. The Pre–Sentence Report found his sentencing guideline range to be 292 – 365 months, based on a total offense level of 35 and a criminal history category of VI. The sentencing judge[1] declined to adopt all of the downward departures requested by Defendant but did sentence Defendant to

188 months rather than the 292–395 months recommended in the Pre–Sentence Report. Defendant's sentence subsequently was reduced to 166 months as a result of amendments to the guidelines. Defendant now requests a further reduction in sentence.

## II. DISCUSSION

Defendant asserts that: (1) his post-sentence rehabilitative efforts should be considered as a basis for further downward departure pursuant to a recent change in the law; and (2) his Fifth Amendment rights were violated because he received a disproportionately harsh sentence compared to other more culpable offenders.

The Government contends that the instant motion should be denied because (1) Defendant has not received certification to file a second or successive motion to vacate, set aside, or correct his sentence; (2) Defendant failed to raise his claims at his first re-sentencing and thus cannot raise them for the first time in this proceeding; and (3) the statute of limitations has expired.

### A. Second or Successive Motion

It is unclear from the record whether Defendant obtained his initial reduction of sentence pursuant to a motion brought under 28 U.S.C. § 2255. If so, this Court lacks jurisdiction to consider the merits of the present motion because Defendant did not obtain the requisite certification from the Court of Appeals prior filing a successive motion. However, the government has not submitted evidence establishing that Defendant obtained his initial reduction of sentence pursuant to 28 U.S.C. § 2255. Accordingly, the Court will assume for purposes of this ruling that the present motion is not a successive motion.

---

1. Defendant was sentenced by Judge William A. Ingram, who since has taken senior status.

## B. Procedural Bar

### 1. Claim Based Upon Asserted Disparity in Sentencing

■ The Supreme Court has held that a claim not raised at a defendant's prior sentencing(s) or on direct appeal cannot be heard on collateral review unless the defendant (1) shows cause for each failure to raise the claim and (2) actual prejudice resulting from the alleged error, or demonstrates actual innocence. *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *United States v. Frady*, 456 U.S. 152, 153, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Defendant presents no reason why he could not have raised his Fifth Amendment claim based upon the asserted disparity in sentencing in his prior sentencing and post-sentencing proceedings. Accordingly, the Court concludes that the claim is procedurally barred.

### 2. Claim Based Upon Change In The Law

Defendant has not previously raised his claim based upon post-sentencing rehabilitation efforts. Because this claim is based upon an asserted intervening change in the law—*United States v. Green*, 152 F.3d 1202 (9th Cir.1998)—the claim obviously could not have been raised during Defendant's last re-sentencing proceeding on October 24, 1994. As a result, this claim is not procedurally barred .[2]

## C. Statute of Limitations

■ A one-year statute of limitations applies to motions brought under 28 U.S.C. § 2255. The one-year period runs from the latest of the dates on which: (1) the judgment of conviction becomes final;[3] (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from making a motion by such governmental action; (3) the right asserted initially was recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

Defendant characterizes the *Green* decision as a new "fact" which could not have been discovered in the exercise of due diligence prior to the date the decision was rendered, August 27, 1998. Defendant's motion was filed less than one year later on August 19, 1999. Accordingly, Defendant argues that his motion is timely pursuant to subsection (4) of the statute.

The Court disagrees. Defendant essentially is arguing for application of a new rule of law articulated by the Ninth Circuit and requesting that the one-year statute of limitations run from the date such rule was articulated. Section 2255 explicitly addresses application of the one-year period to motions based upon a newly-recognized rule of law. Subsection (3) provides that the one-year period runs from the date upon which the *United States Supreme Court* recognizes a new rule of law. *Expressio unius est exclusio alterius.* Accordingly, this Court must conclude that Congress deliberately limited subsection (3) to new rules recognized by the Supreme Court and must decline to expand that subsection by characterizing the decision of a lower court as a new "fact" within the meaning of subsection (4).

## D. Equitable Tolling

Defendant also argues that the one-year limitations period should be tolled until the

---

**2.** It is, however, precluded for the other reasons discussed herein.

**3.** With respect to those defendants whose convictions become final before the one-year

limitations provision was enacted, the one year runs from the date of enactment, April 24, 1996. *See Tworivers v. Lewis*, 174 F.3d 987, 996 n. 7 (9th Cir.1999).

date *Green* was decided, because the Defendant had no control over the fact that prior law precluded his claim based upon post-sentencing rehabilitation efforts. This is simply a reframing of his statutory argument and must be rejected for the same reason. To allow such an argument to succeed would eviscerate the limits which Congress has imposed upon the application of new rules of law to old convictions.

## III. ORDER

For the foregoing reasons, Defendant's motion to vacate, set aside, or modify his sentence pursuant to 28 U.S.C. § 2255 is DENIED.